UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE,

        Plaintiff,

    v.                                  Case No:  2:14-cv-354-SPC-CM

COLLIER COUNTY SHERIFF'S OFFICE, KEVIN J. RAMBOSK, individually and in his official capacity, JERRY SWANK, individually, PETE CACERES, individually,

        Defendants.

_____/

**ORDER[1]**

This matter comes before the Court on Defendant Kevin J. Rambosk's Motion to Dismiss Counts II and VII (Doc. #10) filed on July 3, 2014.  Plaintiff filed a response on July 11, 2014.  (Doc. #14).  Thus, this motion is ripe for review.

This case was removed from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida to the United States District Court for the Middle District of Florida, Fort Myers Division (Doc. #1) on June 26, 2014.  Defendant Rambosk filed a

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Motion to Dismiss Counts I, II, and VII on June 30, 2014.  (Doc. #5).  Plaintiff filed his Amended Complaint with the Court on July 1, 2014.  (Doc. #7).  Therefore, the initial Motion to Dismiss (Doc. #5) is now moot.

## FACTUAL BACKGROUND

Defendant, Kevin J. Rambosk ("Defendant Rambosk") is Sheriff of Collier County, Florida.  (Doc. #7, ¶ 5).  Defendants, Jerry Swank ("Swank") and Pete Caceres ("Caceres") were deputy sheriffs in Collier County.  (Doc. #7, ¶¶ 6, 8).  Plaintiff, David Ogilvie suffers from deep vein thrombosis ("DVT") and was hospitalized twice for significant periods of time in February 2013.  (Doc. #7, ¶¶ 13, 14).  In the beginning of March 2013, Plaintiff was "cautioned to avoid high stress situations and/or contact sports" after undergoing some DVT tests and procedures.  (Doc. #7, ¶ 15).

On March 15, 2013, while Plaintiff was still "severely ill" with DVT symptoms and sporting a bandage on his left leg, deputies Caceres and Swank knocked on Plaintiff's residential window.  (Doc. #7, ¶ 16).  After Plaintiff opened the front door and inquired as to their purpose for being there, Caceres and Swank told him they were informed someone was suicidal at this address.  (Doc. #7, ¶ 17).  Plaintiff, as he reentered his residence, assured Caceres and Swank no one was suicidal and that he wanted to lie down.  (Doc. #7, ¶ 17).  Caceres and Swank seemed "angered" and continued to question Plaintiff regarding the possibility of self-injury.  (Doc. #7, ¶ 18).  Plaintiff again stated he did not intend to injure himself.  (Doc. #7, ¶ 19).  As Plaintiff attempted to lie down, Caceres and Swank allegedly "accosted and maliciously battered" him with full knowledge Plaintiff had a bandage on his leg.  (Doc. #7, ¶¶ 19, 20).  Swank allegedly stated later "…I used my foot to trip him backwards.  He fell backwards over the chair."

(Doc. #7, ¶ 19).  Caceres and Swank formerly stated Plaintiff pushed Caceres, but the charges were later dropped.  (Doc. #7, ¶ 21).  Plaintiff claims he was unlawfully arrested because Caceres and Swank lacked reasonable suspicion or probable cause Plaintiff was a danger to himself or others.  (Doc. #7, ¶ 23).  Plaintiff sought medical treatment after his alleged unlawful arrest and beating and states he sustained injuries including, "aggravation of DVT, sensory neural hearing loss, blood clot in his head, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment."  (Doc. #7, ¶ 24).

As a result of his alleged injuries, Plaintiff brought the instant suit alleging seven counts against all Defendants: False Arrest Against Jerry Swank (Count I), Violation of Civil Rights Against Kevin J. Rambosk, Individually and in his Official Capacity (Count II), Violation of Civil Rights Against Pete Caceres (Count III), Violation of Civil Rights Against Jerry Swank (Count IV), Battery Against Defendant Pete Caceres (Count V), Battery Against Defendant Jerry Swank (Count VI), and Negligence Against Kevin Rambosk in his Individual and Official Capacity as Collier County Sheriff (Count VII). (Doc. #7). The Defendant Rambosk filed the instant Motion to Dismiss Counts II and VII.

**<u>STANDARD</u>**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs.  See Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt.  See Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements.  Bell Atlantic Corp., 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation."  Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009).  Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations.  See Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).  The facts as pled must state a claim for relief that is plausible on its face.  See Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  See Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326,

109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992)).

## DISCUSSION

In Defendant Rambosk's Motion to Dismiss, he states Plaintiff's Counts II and VII must be dismissed for failure to state a claim.  (Doc. #10 at 1).  The Court will address each in order.

## Count II

Plaintiff alleges a violation of civil rights against Kevin J. Rambosk, individually and in his official capacity.  The Court will address the official capacity claim and the individual capacity claim in order.

### *Official Capacity Claim*

Defendant Rambosk argues Plaintiff's Amended Complaint (Doc. #7) sets forth vague and conclusory allegations without the necessary factual basis to plead a cause of action against a municipal defendant under 42 U.S.C. § 1983.  (Doc. #10 at 1).

Plaintiff argues established municipalities and their agencies can be sued under 42 U.S.C. § 1983 if they have a custom or policy which is the moving force behind the constitutional violation.  (Doc. #14 at 2).  Plaintiff claims Defendant Rambosk's knowledge of Caceres' repeated discipline problems coupled with Defendant Rambosk's lack of action constituted a practice or custom of retaining deputies with issues involving "emotional status and behavior."  (Doc. #14 at 3).

Plaintiff argues Defendant Rambosk knew or should have known of the dangerous propensities and or incompetence of Caceres based on four past disciplinary issues.  (Doc. #7, ¶ 22).  First, Plaintiff states Caceres indicated past disciplinary issues

with the Cook County Illinois Sheriff's Department, when he wrote "will explain in interview" on his application.  (Doc. #7, ¶ 22a).   Second, Plaintiff asserts Caceres received a three day suspension and a year of probation effective December 29, 2006 for violating pursuit policy and causing a motor vehicle collision with another marked patrol unit.  (Doc. #7, ¶ 22b).   Third, Plaintiff alleges on September 6, 2005, Caceres was disciplined for "physically accosting" a black male subject even though Caceres had been told multiple times that the individual was not the suspect.  (Doc. #7, ¶ 22c).   Finally, Plaintiff states on November 1, 2005, Caceres was disciplined for admitting over radio traffic that he had to yell at a driver when the driver presented his New York City Police credentials.   (Doc. #7, ¶ 22d).   In his Complaint, Plaintiff states Defendant Rambosk was aware of each of these incidents since he signed off on the reports and had directed all sergeants and members of Caceres' shift to immediately report any observations of Caceres' emotional issues or behavioral concerns.  (Doc. #7, ¶ 22b)

The Eleventh Circuit has held a suit against the sheriff in his official capacity is not a suit against the sheriff, but is essentially a suit against either the Sheriff's Office or the municipal entity.   Spry v. Turner, 8:11-CV-531-T-33TGW, 2011 WL 940343 at *2 (M.D. Fla. Mar. 17, 2011).   In order to establish a 42 U.S.C. § 1983 claim against the Sheriff's Office, the complaint must sufficiently allege a constitutional violation that was caused by a custom or official policy.   Torres v. Orange Cnty., Fla., 6:99-cv-1662ORL22DAB, 2001 WL 35969129 * 5 (M.D. Fla. Jan. 15, 2001).   In order to sufficiently allege the existence of a custom, the "plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is 'so

permanent and well settled as to constitute a 'custom or usage' with the force of law.'"

Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991).

In Plaintiff's Complaint, he alleges "the violation of his constitutional rights were caused by implementation of a custom, policy or official act that constituted excessive and/or unwarranted force at the hands of the aforementioned deputies."   (Doc. #7, ¶ 34).   While use of excessive force clearly violates a person's constitutional rights, the Court must determine whether there was a policy or custom which caused this violation in order to hold the Sheriff's Office liable.   Torres, 2001 WL 35969129 at *5.   While Plaintiff fails to point to an official policy that caused the alleged constitutional violation, he does attempt to allege the existence of a custom at the Sheriff's Office.   (Doc. #7, ¶ 34).   Plaintiff argues Defendant Rambosk's knowledge of one officer's [Caceres] past disciplinary issues, the most recent occurring over 5 years ago, constituted a custom which led to the use of excessive force.   (Doc. #7, ¶ 34).   This allegation fails to establish a custom.   Based on the Court's understanding of the pleadings, Defendant Rambosk addressed each of Caceres' actions and dealt with them accordingly.   (Doc. #7, ¶ 22).   Moreover, Plaintiff fails to allege other continued constitutional deprivations to establish the existence of a custom Defendant Rambosk promoted.   (Doc. #7).   It is unreasonable to have this Court deem four past incidents, all occurring over five years ago regarding one deputy sheriff, "widespread abuse." See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). (The Court found random acts and isolated incidents were not enough to establish a custom, only those incidents which are "obvious, flagrant, rampant and of continued duration" constitute a custom.).

7

Therefore, the Court finds Plaintiff has failed to sufficiently plead the existence of an official policy or custom that resulted in the alleged constitutional violation. The official capacity claim under 42 U.S.C. § 1983 must be dismissed.

*Individual Capacity Claim*

Defendant Rambosk argues Plaintiff did not present any evidence that he, as an individual, had any personal involvement in the alleged constitutional violation. (Doc. #10 at 6). Defendant Rambosk also asserts the doctrine of respondeat superior does not apply in 42 U.S.C. § 1983 cases to hold him individually liable for his employees' alleged actions. (Doc. #10 at 6).

Plaintiff responds Defendant Rambosk had personal involvement in the alleged unlawful arrest because he had personal knowledge of Caceres' past disciplinary issues, which would lead a reasonable person to conclude Caceres had emotional and behavioral problems. (Doc. #14 at 4).

According to Eleventh Circuit case law, in order to hold a sheriff personally liable for his deputies' constitutional violations, a plaintiff must show the sheriff was "personally involved in acts or omissions that resulted in the constitutional deprivation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Assertions of vicarious liability are not sufficient to properly allege personal involvement. See Hartley, 193 F.3d at 1269 (The Court acknowledged the well-established rule that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'").

8

In Plaintiff's Complaint, he alleges a constitutional deprivation based on Caceres and Swank's use of excessive force at Plaintiff's home.  (Doc. #7, ¶ 19).  Plaintiff does not argue that Defendant Rambosk was present in the home during the use of excessive force, nor does Plaintiff argue Defendant Rambosk himself used excessive force against Plaintiff.  (Doc. #7).

Since there is no personal involvement, the plaintiff must allege a causal connection between the action and the violation.  See Saunders v. Eslinger, 6:11-cv-1591-ORL-28, 2012 WL 6589441 *3 (M.D. Fla. Dec. 18, 2012).  In Saunders, Plaintiff needed to "restate his individual-capacity claims against [Sheriff] to allege a causal connection between the actions (rather than the policies) of [Sheriff] and the alleged constitutional deprivations."  Here, Plaintiff fails to allege a causal connection between Defendant Rambosk's actions and the alleged constitutional violation as required. When Plaintiff argues "the violation of his constitutional rights were caused by implementation of a custom, policy or official act," he is merely alleging an association between a purported policy of Defendant Rambosk and a constitutional violation.  (Doc. #7, ¶ 34).  This is not sufficient to confer individual liability on Defendant Rambosk individually.

Therefore, Defendant's Motion to Dismiss as to the individual liability claim under Count II is granted.  In conclusion, Defendant Rambosk's Motion to Dismiss as to Count II is granted.

### Count VII

Plaintiff alleges negligence against Defendant Rambosk in his individual and official capacity as Collier County Sheriff.  The Court will address each claim in order.

9

*Official Capacity*

Defendant Rambosk claims Count VII should be dismissed because the training of officers is an exercise of government discretion and discretionary functions, are protected by Florida's sovereign immunity law. (Doc. #10 at 7).   Plaintiff argues his negligent training claim against Defendant Rambosk sufficiently alleges facts associated with operational conduct, not discretionary conduct and since Florida has waived sovereign immunity in regards to claims based on operational conduct, Defendant Rambosk's Motion to Dismiss as to Count VII should be denied.  (Doc. #14 at 5).

As addressed above, Plaintiff's negligent training claims against Defendant Rambosk in his official capacity are in reality claims against the Sheriff's Office.   In Florida, the Sheriff's Office is immune from tort liability under the sovereign immunity doctrine if the tort is based on a discretionary function.   See Graham v. Scott, 2013 WL 3321900 *2 (M.D. Fla. July 1, 2013) (Court stated "[b]asic judgmental or discretionary governmental functions are barred by sovereign immunity, whereas operational acts are not subject to legal action.").

> A discretionary function consists of a governmental act that involves "an exercise of executive or legislative power, such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning."  "An 'operational' function, on the other hand, is one not necessary to or inherent in policy or planning that merely reflects a secondary decision as to how those policies or plans will be implemented."

Id. (internal citations omitted).

In Plaintiff's Complaint, he alleges Defendant Rambosk "had a duty to supervise, train and otherwise establish methods to prevent excessive force from being used." (Doc. #7, ¶55).   This allegation is directed at Defendant Rambosk's decisions related to

the training of his officers.   (Doc. #7, ¶ 55).   As Florida holds training decisions are discretionary functions, sovereign immunity applies to protect the Sheriff's Office from suit.   See Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir.2001) (The Court found "[a] city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning.").   Therefore, the Motion to Dismiss the negligence claim against Defendant Rambosk in his official capacity must be dismissed due to sovereign immunity.

*Individual Capacity*

Defendant Rambosk argues Plaintiff's individual capacity negligence claim against him is due to be dismissed because Plaintiff has not and cannot plead any facts to establish he had any personal involvement in the alleged unlawful arrest.   (Doc. #10 at 6).   Furthermore, Defendant Rambosk argues Fla. Stat. § 768.28(9) precludes a finding of individual liability against him because the Complaint (Doc. #7) does not allege he "individually acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety or property."   (Doc. #10 at 7).

Plaintiff alleges the negligence action is based on Defendant Rambosk's negligent supervision.   (Doc. #14 at 3).   Plaintiff claims Defendant Rambosk knew or should have known Caceres had emotional and behavioral problems that required proper supervision and training to prevent excessive force from being used.   (Doc. #14 at 5).   The Court will analyze the negligence claim under both 42 U.S.C. § 1983 and Fla. Stat. § 768.28(9).

11

## *42 U.S.C. § 1983*

In order to assert individual liability under 42 U.S.C. §1983, a plaintiff must allege the defendant "personally participated in the events, or if there is a causal connection between the action of the supervising official and the alleged constitutional deprivation." Edison v. Florida, 2007 WL 80831 *3 (M.D. Fla. Jan. 8, 2007). To establish a causal connection, a plaintiff must allege a relationship between the defendant's actions and the alleged constitutional violation. Saunders, 2012 WL 6589441 at *3.

As stated above, Plaintiff did not sufficiently allege Defendant Rambosk personally participated in the alleged constitutional violation; thus Defendant Rambosk cannot be held liable through vicarious liability. (Doc. #7, ¶¶ 54-57). If the Court liberally interprets Plaintiff's pleadings, it appears Plaintiff is attempting to assert a causal connection between Defendant Rambosk's "actual knowledge pertaining to past discipline pertaining to [Caceres]" and Caceres' use of excessive force during the alleged unlawful arrest. (Doc. #7, ¶¶ 55-56). However, the past disciplinary issues Plaintiff alleges do not constitute widespread abuse which is "obvious, flagrant, rampant, and of continued duration," but isolated occurrences; all of which occurred over five years ago and were dealt with promptly by Defendant Rambosk. See Hartley, 193 F.3d at 1269 (holding deprivations establishing widespread abuse sufficient to confer liability on supervising officials must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."). Therefore, Plaintiff does not sufficiently allege a causal connection and the negligence claim fails under 42 U.S.C. § 1983.

## *Florida Statute § 768.28(9)*

In order to assert individual liability under Fla. Stat. § 768.28(9), a plaintiff must allege the defendant acted in bad faith or with malicious purpose.  Edison, 2007 WL 80831 *7. Florida Statute, Section 768.28(9)(a) states:

> [n]o officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a).

In Plaintiff's Complaint, he fails to assert Defendant Rambosk "individually acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety or property." (Doc. #10 at 7).  Moreover, since there is no sufficient allegation of personal involvement, Defendant Rambosk should not be held personally liable.  See Rivera v. Cohen, 2009 WL 3157648 n. 3 (M.D. Fla. Sept. 28, 2009) (finding that since the Sheriff was not personally involved in the events, there wasn't a sufficient allegation to hold the sheriff personally liable.).  Therefore, this individual capacity claim is due to be dismissed under Fla. Stat. § 768.28(9).

## CONCLUSION

Plaintiff fails to plead sufficient facts under 42 U.S.C. § 1983 and Florida Statute § 768.28(9) to allege official and individual liability against Defendant Rambosk.  Thus, this Court grants Defendant Rambosk's Motion to Dismiss Counts II and VII.

Accordingly, it is now **ORDERED:**

(1) Defendant Kevin J. Rambosk's Motion to Dismiss Counts I, II, and VII (Doc. #5) is **DENIED** as moot.

(2) Defendant Kevin J. Rambosk's Motion to Dismiss Counts II and VII (Doc. #10) is **GRANTED.**   Counts II and VII are hereby **DISMISSED with prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

14