UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE                                    CASE NO.: 2:14-cv-354

    Plaintiff,

v.

COLLIER COUNTY SHERIFF'S OFFICE,
KEVIN J. RAMBOSK, individually and in
his official capacity, JERRY SWANK,
individually, PETE CACERES, individually

    Defendants.

_____

### JOINT FINAL PRE-TRIAL STATEMENT

Pursuant to this Court's Amended Case Management and Scheduling Order (DE 34) dated June 22, 2015 and United States District Court Local Rule 3.06, Counsel for the parties personally met and conferred about the issues in this case and hereby submit their Joint Pre-Trial Statement as follows.

Attendees:

    Carlos J Cavenago, Esq.

    Summer Barranco, Esq.

1. **Jurisdiction**

28 U.S.C. §§ 1331 and 1343; 28 U.S.C. § 1367.

2. **Concise Statement of the Nature of the Case**

This is a damages action brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First and Fourth Amendments to the United States Constitution and under the common law of the State of Florida.

1

3. **General Statement of Each Party's Case**

   a. Plaintiff's Statement: Prior to March 15, 2013 Defendant Caceres had been disciplined several times at the collier county Sheriff's office. "Supervisory reports warn of Caceres emotional status and behavior." Defendant Caceres has admitted to lying in the past.

   Between February 2, 2013 and March 15, 2013 Plaintiff had been hospitalized several times with life threatening Deep Vein Thrombosis. During his hospitalization he underwent a series of tests and procedures pertaining to DVT. On or about March of 2013 it has been alleged Plaintiff contacted Social Security office and alleged Plaintiff threatened to kill himself. There remains a factual dispute to the verbatim dialogue. No method or means were communicated to Social Security, nor was method or means communicated to Collier County Sheriff's office.

   Defendants Swank and Caceres were dispatched to a safety-welfare check at 10021 Heather Ln, #802, Naples, FL 34119 for Plaintiff, David Ogilvie.

   Defendants, Swank and Caceres responded. After waking Plaintiff, Plaintiff opened the door, to both Defendants. A dialogue ensued, pertaining to whether Plaintiff was going to hurt himself or others. Plaintiff denied any threat or attempted threats of suicide. After this brief dialogue occurred wherein Plaintiff desired to go inside and lay down. Defendants apprehended him upon entering his house. Shortly thereafter deputies prevented him from laying down and attacked him out of fear he was "going to the kitchen where there are knives." Plaintiff sustained injury to his neck and back. Pedro Caceres charged Plaintiff with battery on a law enforcement officer, a third degree felony. The State Attorneys office offered a pre-trial diversion in exchange they Nolle Prossed the charges. Plaintiff has expended legal fees and costs. Plaintiff also suffered humiliation, pain and suffering and loss of capacity of the enjoyment of life as a direct and proximate results.

   b. Defendants' Statement: The Collier County Sheriff's office received a call from a Social Security office employee regarding a possible suicidal person by the name of David Ogilvie at a residence. As a result, Collier County Sheriff's deputies Pete Caceres and Jerry Swank responded to Plaintiff Ogilvie's residence. After knocking on his front door and receiving no response, one of the deputies knocked on the bedroom window and ultimately got Plaintiff to go to the front door. Plaintiff answered the door and was immediately extremely agitated. The deputies attempted to calmly ascertain if he had suicidal intentions by speaking with him. Rather than dispelling their concerns, Plaintiff continued to act in an agitated manner and started closing the door on them. Deputy Caceres was able to open the door and both deputies entered telling Mr. Ogilvie that they could not leave until they knew he

2

was going to be okay. Plaintiff moved toward the kitchen area. Due to safety concerns, the deputies did not allow Plaintiff to go into the kitchen where sharp objects are readily available. Continued attempts by the deputies to de-escalate the situation were rebuffed by Plaintiff who ultimately pushed Deputy Caceres into a kitchen counter, hurting Deputy Caceres. Plaintiff was then physically restrained.

EMS was called to the scene. Plaintiff was cleared by both EMS and a Fire Department doctor. Once Plaintiff learned he would be going to jail (for Battery LEO) he complained of chest pains again and was ultimately taken to the hospital. He was then cleared at the hospital and went to the Naples jail. Due to Plaintiff's violent shove, Deputy Caceres started experiencing pain and dizziness. As a result, he also went to the hospital where he was checked out and released. The Plaintiff was prosecuted for Battery upon a Law Enforcement Officer but his charges were dropped after he completed a pre-trial diversion program.

4. **Exhibits**

   a. Plaintiff's Exhibits: (attached)

   b. Defendants' Exhibits: (attached)

5. **List of Witnesses Who May Be Called at Trial**:

   a. Plaintiff's Witnesses: (attached)

   b. Defendants' Witnesses: (attached)

6. **Expert Witnesses**

   None

7. **Claims for Money Damages**

   Plaintiff brings damages claims pursuant to 42 U.S.C. § 1983 and under Florida common law. The elements of his damages are as follows:

   a. Expenses in defending unlawful actions of Defendants[1]

   b. Loss of income while incarcerated

---

[1] It is the Defendants' position that Plaintiff may only obtain damages on a false arrest claim from the time of detention up until issuance of process or arraignment, but not more. See Wallace v. Kato, 549 U.S. 384, 390 (2007).

3

    c.    Pain and suffering and loss of enjoyment of life

    d.    Attorney's fees and costs pursuant to *42 USC 1988*

    e.    *P*unitive damages

**8. Depositions to Be Offered in Evidence at Trial**

    a.    Deposition designations of the Parties subject to Fed R. of Evidence.

    b.    Defendants

    c.    Plaintiff

    d.    Linda Partin (if she cannot be present at trial)

    e.    Mary Pappas (if she cannot be present at trial)

**9. Facts Which are Admitted**

    a.    Defendants Caceres and Swank were acting under color of state law.

    b.    On March 15, 2013, Plaintiff Ogilvie was arrested and charged with battery on a law enforcement officer.

    c.    As a result of the arrest, Plaintiff Ogilvie was charged with a 3rd degree felony.

    d.    Pretrial diversion resulted in charges dropped[2].

**10. Concise Statement of Principles of Law in Which There is Agreement**

    a.    This Court has jurisdiction to hear this case.

    b.    Probable cause to arrest exists where the facts and circumstances within an officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed an offense. Marx v. Gumbinner, 905 F.2d 1503 (11th Cir. 1990).

---

[2] The Defendants expressly reserve their right to object to this fact being introduced into evidence during trial as such is not relevant. See Marx v. Gumbinner, 905 F.2d 1503, 1507 (11th Cir. 1990); see also, Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979).

4

    c.    The Plaintiff's claims brought pursuant to Section 1983 for excessive force must be analyzed under the Fourth Amendment and its reasonableness standard. See Brosseau v. Haugen, 543 U.S. 194 (2004); Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989).

    d.    The Plaintiff's state law claims are subject to the provisions of Florida Statutes Section 768.28(9)(a).

**11. Concise Statement of Issues of Fact Which Remain to be Litigated**

    a.    Whether there was probable cause to arrest Plaintiff.

    b.    Whether excessive force was used against Plaintiff.

    c.    If Plaintiff was falsely arrested, whether Plaintiff sustained any damages as a result thereof, and if so the amount thereof;

    d.    If Plaintiff was subjected to excessive force or battered, whether Plaintiff sustained any damages as a result thereof, and if so the amount thereof;

**12. Concise Statement of Issues of Law Which Remain for Determination by the Court**

Defendants Caceres and Swank maintain that the issue of whether they are entitled to qualified immunity remains to be determined.

**13. Statement of Disagreement as to Federal Rules of Evidence or Procedure**

None.

**14. Outstanding Motions**

    a.    Defendants' motion(s) in limine

Respectfully Submitted this 21st day of March, 2016.

_____
Summer M. Barranco
Florida Bar No. 984663
Summer@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E. Sunrise Blvd., Suite 1216
Fort Lauderdale, Florida 33304
Ph. (954) 462-3200
Fax (954) 462-3861
Counsel for Defendants Sheriff

_____
Carlos J. Cavenago, III
Florida Bar No. 753955
carlos@parveyfrankel.com
Parvey and Frankel, Attorney, P.A.
2069 First Street, Suite 100
Fort Myers, FL, 33901
Ph. (239) 334-0300
Fax (239) 334-0992
Counsel for Plaintiff