**3.1 Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE                                    **CASE NO.: 2:14-cv-354**

     Plaintiff,

v.

JERRY SWANK, individually,
PETE CACERES, individually

     Defendants.
_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding

this case.

When I have finished you will go to the jury room and begin your discussions,

sometimes called deliberations.

**3.2 The Duty to Follow Instructions – No Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of David Ogilvie to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that David Ogilvie's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against David Ogilvie.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of David Ogilvie's claim[s] by a preponderance of the evidence, you should find for the Defendant as to that claim.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**5.2 Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim –**
**Private Person Alleging Unlawful Arrest,**
**Unlawful Search, or Excessive Force**

In this case, David Ogilvie claims that Jerry Swank and Pete Caceres, while acting under color of law, intentionally deprived him of his rights under the United States Constitution.

Specifically, David Ogilvie claims that while Jerry Swank and Pete Caceres were acting under color of law as members of the Collier County Sheriff's Office, Jerry Swank and Pete Caceres intentionally committed acts that violated David Ogilvie's constitutional right not to be arrested or seized without probable cause and to be free from the use of excessive or unreasonable force during a detention.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be seized or arrested without probable cause and not to be subjected to excessive or unreasonable force while being seized or detained by a law enforcement officer – even though the seizure or detention is otherwise made in accordance with the law.

A person may sue in this court for an award of money damages against anyone who, under color of law, intentionally commits acts that violate the person's rights under the United States Constitution.

To succeed on this claim, David Ogilvie must prove each of the following facts by a preponderance of the evidence:

First:  That Jerry Swank and/or Pete Caceres intentionally committed acts that violated David Ogilvie's federal constitutional right not to be arrested or seized without probable cause or not to be subjected to excessive or unreasonable force during a seizure or detention;

Second:  That Jerry Swank and/or Pete Caceres acted under color of law; and

Third:  That Jerry Swank and/or Pete Caceres' conduct caused David Ogilvie's injuries.

David Ogilvie claims that Jerry Swank and Pete Caceres seized or arrested David Ogilvie without probable cause. Jerry Swank and Pete Caceres may arrest a person without a warrant whenever the facts and circumstances within Jerry Swank or Pete Caceres' knowledge, based on reasonably trustworthy information, would cause a reasonable officer to believe that the person has committed, is committing, or is about to commit an offense. It is a criminal offense for any person to batter a law enforcement officer.

David Ogilvie claims that Jerry Swank and Pete Caceres excessive force upon him. Every person has the constitutional right not to be subjected to excessive or unreasonable force while being seized or detained by a law enforcement officer – even though the seizure or detention is otherwise lawful. But in making a lawful detention, an officer has the right to use reasonably necessary force to complete the detention. Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, and whether the suspect resists or flees.

You must decide whether the force Jerry Swank and/or Pete Caceres used was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied under the same circumstances. Jerry Swank and/or Pete Caceres' underlying intent or motivation is irrelevant.[1] [2]

For the second element, the parties have agreed that Jerry Swank and Pete Caceres acted under color of law. So you should accept that as a proven fact.

For the third element, Jerry Swank and/or Pete Caceres' conduct caused David Ogilvie's injuries if David Ogilvie would not have been injured without Jerry Swank and/or Pete Caceres' conduct, and the injuries were a reasonably foreseeable consequence of Jerry Swank and/or Pete Caceres' conduct.

If you find in David Ogilvie's favor for each fact that he must prove, you must decide the issue of his compensatory damages. To recover compensatory damages David Ogilvie must prove by a preponderance of the evidence that he would not have been damaged without Jerry Swank and/or Pete Caceres' conduct, and the

---

[1] Scott v. Harris, 550 U.S. 372 (2007) [indicating that Tennessee v. Garner, 471 U.S. 1 (1985) did not establish a magical on/off switch that triggers rigid preconditions whenever an officer's actions constitute deadly force.  Ultimately the court has to slosh its way through the fact bound morass of reasonableness].

[2] Plaintiff would submit that Plaintiff's special requested special jury instruction regarding excessive force be inserted here. Defendant objects to this instruction as it does not accurately reflect the 4th amendment.

damages were a reasonably foreseeable consequence of Jerry Swank and/or Pete Caceres' conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of David Ogilvie's damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize Jerry Swank or Pete Caceres. And you must not base these compensatory damages on speculation or guesswork.

To determine whether and how much David Ogilvie should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. David Ogilvie does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that David Ogilvie has proved them by a preponderance of the evidence, and no others:

(a) The reasonable value of medical care and supplies that David Ogilvie reasonably needed and actually obtained, and the present value of medical care and supplies that David Ogilvie is reasonably certain to need in the future;

(b) David Ogilvie's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, discomfort, and any such

physical harm that David Ogilvie is reasonably certain to experience in the future; and

(c) David Ogilvie's mental and emotional distress, impairment of reputation, personal humiliation, and any related harm that David Ogilvie is reasonably certain to experience in the future.

David Ogilvie also claims that Jerry Swank and/or Pete Caceres' acts were done with malice or reckless indifference to David Ogilvie's federally protected rights, which would entitle David Ogilvie to an award of punitive damages in addition to compensatory damages. David Ogilvie must prove by a preponderance of the evidence that he is entitled to punitive damages.

If you find for David Ogilvie and find that Jerry Swank and/or Pete Caceres acted with malice or reckless indifference to David Ogilvie's federally protected rights, the law allows you, in your discretion, to award David Ogilvie punitive damages as a punishment for Jerry Swank and/or Pete Caceres and as a deterrent to others.

Jerry Swank and/or Pete Caceres acts with malice if their/his conduct is motivated by evil intent or motive. Jerry Swank and/or Pete Cacers acts with reckless indifference to the protected federal rights of David Ogilvie when Jerry Swank and/or Pete Caceres engages in conduct with a callous disregard for whether the conduct violates David Ogilvie's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Jerry Swank and/or Pete Caceres' financial resources in fixing

the amount of punitive damages to be awarded against Jerry Swank and/or Pete Caceres.

**Plaintiff's Requested Special Jury Instruction**

**Excessive Force**

The Court next instructs you on "Excessive Force":

With respect to the excessive force claim, you are instructed that in order for the Plaintiff to establish that Deputy Swank and Deputy Caceres violated the Constitutional right of the Plaintiff by his use of force, and for it to be actionable under federal law, you must first find both of the following:

(1) That Deputy Swank and Deputy Caceres' actions were grossly disproportionate to the need for action under the circumstances; and

(2) That Deputy Swank and Deputy Caceres' actions were inspired by malice and not just a careless or unwise excess of zeal, so that their actions amounted to an abuse of official power that shocks the conscience [3]

Given                           _____

Given as modified _____

Denied                         _____

Withdrawn                  _____

Authorities: <u>Hendrix v. Matlock</u>, 782 F. 2d 1273 (5th Cir. 1986), relying on <u>Tennessee v. Garner</u> 471 U.S. 1, 105 S.Ct. 1684(1985), and to <u>Grandstaff v. City of Borger</u>, 767 F. 2d 161 (5th Cir.1985).

---

[3] <u>Hendriz v. Matlock</u>, 782 F. 2d 1273, 1274 5th Cir. 1986)

**SOVEREIGN IMMUNITY JURY INSTRUCTION**
**PURSUANT TO F.S. §768.28(9)(a)**

Because the Plaintiff, David Ogilvie has alleged state law claims for false arrest and battery against Jerry Swank and Pete Caceres in their individual capacities only, you must resolve an additional factual issue. In that regard you must determine from the facts as you find them, whether the greater weight of the evidence supports a finding that Deputy Jerry Swank and/or Pete Caceres at the time of the arrest, acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

In the verdict form that I will explain in a moment, you will be asked a series of questions concerning this factual issue.

Authority:

See Florida Statute Section 768.28(9)(a); see also Stephenson v. School Bd. of Polk Co., 467 So.2d 1112 (Fla. 2d DCA 1985) (school board cannot be held liable for acts of employees committed within the scope of employment but in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property).

The terms "bad faith", "malicious purpose", and "wanton and willful", as those terms are used in § 768.28(9)(a), are not synonymous. See Thompson v. Douds, 852 So.2d 299, 309 (Fla. 2d DCA 2003) (finding that a claim may proceed against a police officer where there is no evidence the officer acted in bad faith or with a malicious purpose but where the acts alleged could constitute wanton and willful disregard of human rights). The term "wanton and willful" is a lower standard than bad faith or maliciousness as it encompasses behavior less culpable than bad faith or malicious conduct, such as recklessness. Id; Williams v. City of Minneola, 619 So.2d 983 (Fla. 5th D.C.A. 1993) (the phrase "wanton and willful" as used in § 768.28(9) means "gross and reckless behavior"); see also Prieto v. Malgor, 361 F.3d 1313, 1320 (11th Cir. 2004), citing McGhee v. Volusia Co., 679 So.2d 729 (Fla. 1996).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE                                          **CASE NO.: 2:14-cv-354**

     Plaintiff,

v.

JERRY SWANK, individually,
PETE CACERES, individually

     Defendants.

_____/

## State Law False Arrest Claim:[1]

An additional claim for your consideration is David Ogilvie's state law false arrest claim against Jerry Swank.

The issues for you to decide on Plaintiff David Ogilvie's claim against Jerry Swank for False Arrest is whether Defendant Jerry Swank, as a deputy of the Collier County Sheriff's Department, without legal authority, intentionally caused Plaintiff David Ogilvie to be restrained against his will in a manner that was unreasonable and unwarranted under the circumstances, and, if so, whether that restraint was a legal cause of loss, injury, or damage to Plaintiff David Ogilvie.

---

[1]There is no state law pattern jury instruction for this civil claim.

If the greater weight of the evidence does not support Plaintiff David Ogilvie's claim, your verdict should be for Defendant Jerry Swank.

However, if the greater weight of the evidence supports Plaintiff David Ogilvie's claim, then you shall consider the defenses raised by Defendant Jerry Swank.

**<u>Defense Issue as to False Arrest Claim as to Jerry Swank</u>**

On this defense, the issue you must decide is whether Defendant Jerry Swank as a deputy of the Collier County Sheriff's Department had probable cause for the arrest of Plaintiff, David Ogilvie.

"Probable cause" means that at the time of the arrest the facts and circumstances known to Defendant Jerry Swank as a deputy of the Collier County Sheriff's Department were sufficiently strong to support a reasonable belief that Plaintiff, David Ogilvie, had committed the offense of battery on a law enforcement officer.

"Probable cause" does not depend upon whether David Ogilvie was actually convicted of the crime with which he was charged.

*United States v. Seay*, 432 F.2d 395, 400 (5th Cir. 1970).

## **False Arrest - Damages**

I have previously instructed you regarding the question of damages, should you find in favor of the Plaintiff on his false arrest claim, the question of recoverable damages is the same both under federal and state law.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE                                      CASE NO.: 2:14-cv-354

      Plaintiff,

v.

JERRY SWANK, individually,
PETE CACERES, individually

      Defendants.
_____/

## State Law Battery Claims:[1]

Additional claims for your consideration are David Ogilvie's state law

battery claims against Jerry Swank and Pete Caceres.

Under Florida law, if an officer uses more force than is reasonably necessary

to effect a detention, the ordinarily protected use of force by the police officer is

transformed into a battery.

The issues for your determination on these claims are whether Deputy Jerry

Swank and/or Deputy Pete Caceres used excessive force in effecting the detention

---

[1]There is no state law pattern jury instruction for this civil claim.  See, ***Davis v. Williams***, 451 F.3d 759 (11th Cir. 2006), citing ***City of Miami v. Sanders***, 672 So.2d 46 (Fla. 3rd DCA 1996). ***Lee v. Ferraro***, 294 F.3d 1188 (11th Cir. 2002); ***Christie ex rel Estate of Christie v Scott***, 923 F.Supp.2d 1308 (MD Fla. 2013).

of David Ogilvie.  To prevail on this claim, David Ogilvie must prove each of the following elements by a preponderance of the evidence:

> *First:*      That Deputy Sheriff Jerry Swank and/or Deputy Sheriff Pete Caceres used excessive or unreasonable force while effecting the detention of David Ogilvie;
>
> *Second:*      That the excessive force was the legal cause of loss injury or damage to David Ogilvie.

I previously instructed you on the concept of "excessive force" in the context of the plaintiff's Fourth Amendment constitutional claims. That same definition applies with equal force to your consideration of the "excessive force" element of the common law battery claims.

In assessing the "reasonableness" of the force used, you must apply an objective standard, i.e., you must determine whether a reasonable officer would believe that this level of force was necessary in the situation at hand.

An officer in making an arrest is privileged by statute to use only that force which is necessary to restrain the arrested person.

Law enforcement officers are not liable for battery if they acted in good faith and did not use more force than reasonably necessary to preserve the peace or effect an arrest.

If you find by a preponderance of the evidence that the force used by Jerry Swank and/or Pete Caceres was excessive or unreasonable under the circumstances, then the degree of excessive force employed amounts to the commission of a battery under Florida law.

**<u>Battery - Damages</u>**

I have previously instructed you regarding the question of damages, should you find in favor of the Plaintiff on his excessive force claims, the question of recoverable damages is the same both under federal and state law.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE                                          **CASE NO.: 2:14-cv-354**

      Plaintiff,

v.

JERRY SWANK, individually,
PETE CACERES, individually

      Defendants.

_____/

## DEFENDANTS' PROPOSED ADDITIONAL INSTRUCTION LAW CONCERNING USE OF FORCE TO BE INCLUDED IN THE 5.2 INSTRUCTION ON PLAINTIFF'S CIVIL RIGHTS CLAIM

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  This determination must include allowances for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain and rapidly evolving.  The Fourth Amendment reasonableness standard analysis is an objective one.  The question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting the officer, without regard to his underlying subjective intent or motivation. Therefore, under the Fourth Amendment, an excessive force case does not involve inquiry into subjective concepts like malice and sadism.

[The 20/20 hindsight instruction has been approved by the Eleventh Circuit.  See

Samples v. City of Atlanta, 916 F.2d 1548, 1550-51 n. 1 (11th Cir. 1990).]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE                                    **CASE NO.: 2:14-cv-354**

      Plaintiff,

v.

JERRY SWANK, individually,
PETE CACERES, individually

      Defendants.
_____/

## Do you find from a preponderance of the evidence:

1. That Jerry Swank intentionally committed acts that violated David Ogilvie's right to be free from arrest without probable cause?

            Answer Yes or No      _____

2. That Jerry Swank intentionally committed acts that violated David Ogilvie's right to be free from excessive force?

            Answer Yes or No      _____

If your answer to both Questions 1 and 2 are "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes" to either Question 1 or Question 2, go to the next question.

3. That Jerry Swank's conduct caused David Ogilvie's injuries?

            Answer Yes or No      _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. That David Ogilvie should be awarded compensatory damages against Jerry Swank?

Answer Yes or No          _____

If your answer is "Yes,"
in what amount?          $_____

5. That punitive damages should be assessed against Jerry Swank?

Answer Yes or No          _____

If your answer is "Yes,"
in what amount?          $_____]

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE                                      **CASE NO.: 2:14-cv-354**

      Plaintiff,

v.

JERRY SWANK, individually,
PETE CACERES, individually

      Defendants.
_____/

### Do you find from a preponderance of the evidence:

1. That Pete Caceres intentionally committed acts that violated David Ogilvie's right to be free from arrest without probable cause?

           Answer Yes or No      _____

2. That Pete Caceres intentionally committed acts that violated David Ogilvie's right to be free from excessive force?

           Answer Yes or No      _____

If your answer to both Questions 1 and 2 are "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes" to either Question 1 or Question 2, go to the next question.

3. That Pete Caceres's conduct caused David Ogilvie's injuries?

           Answer Yes or No      _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. That David Ogilvie should be awarded compensatory damages against Pete Caceres?

Answer Yes or No      _____

If your answer is "Yes,"
in what amount?      $_____

5. That punitive damages should be assessed against Pete Caceres?

Answer Yes or No      _____

If your answer is "Yes,"
in what amount?      $_____]

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE                                          **CASE NO.: 2:14-cv-354**

       Plaintiff,

v.

JERRY SWANK, individually,
PETE CACERES, individually

       Defendants.
_____/

## **SPECIAL INTERROGATORIES**[1]

### **Do you find from a preponderance of the evidence:**

1.     That Deputy Jerry Swank reasonably believed that David Ogilvie pushed Deputy Pete Caceres inside Plaintiff Ogilvie's residence on March 15, 2013?

          Yes or No _____

2.     That Deputy Jerry Swank reasonably believed, based upon the facts and circumstances he knew at the time, that the force he used upon David Ogilvie was reasonable and necessary at that time?[1]

          Yes or No _____

_____

[1] It is not appropriate to instruct the jury on the defense of qualified immunity.  Where there are disputes in the material facts regarding resolution of the qualified immunity defense, those disputes should be resolved through the use of special interrogatory verdict questions.  Cottrell v. Caldwell, 85 F.3d 1480 (11th Cir. 1996).

[1] See Gold v. City of Miami, 121 F.3d 1442 (11th Cir. 1997) [qualified immunity applies to excessive force claims against a police officer unless a reasonable officer in the defendant's position would inevitably be led to conclude that the force was unlawful].

3.     That Deputy Pete Caceres reasonably believed, based upon the facts and circumstances he knew at the time, that the force he used upon David Ogilvie was reasonable and necessary at that time?

   Yes or No _____

SO SAY WE ALL:

DATED:_____          _____
                              FOREPERSON