UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE,

        Plaintiff,

vs.                                     CASE NUMBER: 2:14-CV-354
                                          HONORABLE SHERI POLSTER CHAPPELL

JERRY SWANK, individually, PETE
CACERES, individually,

        Defendants.

_____/

## PLAINTIFF'S MEMORANDUM OF
## LAW IN RESPONSE TO DEFENDANTS MOTION IN LIMINE

    The Plaintiff by and through undersigned counsel and pursuant to applicable Federal Rules of Civil Procedure files this their Memorandum of Law in opposition to Defendants Motion in Limine dated March 21, 2016 (D.E. 41).

    The gravamen of the instant action arises from an unlawful arrest and seizure of David Ogilvie. It has been alleged that Defendant Caceres acted overzealously in attempting to prevent Plaintiff from re-entering his home. Specifically, Defendant Caceres attacked out of fear.

    Credibility of a witness is relevant in <u>any</u> civil trial. It has been agreed upon that the jury will be charged the following instruction: to decided

    1.    Did the witness impress you as one who was telling the truth?

    2.    Did the witness have any particular reason not to tell the truth?

    3.    Did the witness have a personal interest in the outcome of the case?...

    Here, Defendant Caceres testified, (April 16, 2015 pg. 50 line 22- pg. 51 line 12)

        Q: That's okay. I'm going to direct you attention to the third line, sir, where

1

it begins Lieuten – "Lieutenant Hampton is directed to immediately consult with his sergeants and all members of Corporal Caceres' shifts as to observations they have of any emotional issues or behavioral concern that Caceres may have." (As read.)

Do you or did you know that the supervisors at Collier County Sheriff's Office has directed themselves and the chain of command to observe you for emotional issues or behavioral concerns?

A: No, I did not.

Q: Does that concern you, that supervisors at the Collier County Sheriff's Office were doing that?

A: Not anymore, no. This is in 2006, so, no, it doesn't concern me at all. Defendant Caceres lost his temper with supervisors, (pg. 21 line 11-line 20)

Q: Okay. On November the 5th – no, I'm sorry – November the 1st, 2005, do you recall Sergeant Jolicoeur saying to you, "I explained to Caceres why I decided to issue him a statement, and he said that was bullshit and that I could – could have come to him."

Do you recall making that statement?

A: No. No, I don't recall that.

Q: do you take issue with whether that indeed transpired?

A: No, I don't take issue with it.

Defendant Caceres has lied in the past and admittedly violated the policy and procedures of Collier county's Sheriff's office. (Pg. 22 line 6-line 14)

Q:Okay. You have, in fact, lied to your supervisor in the past, correct?
Ms. Barranco: Object to the form. Go ahead.
A: **Yes.**
Q: Okay. It's against policy and procedures of the Collier County Sheriff's Office to lie to a supervisor, correct?
A: Yes.

Q: Do you know why any member of the Collier County Sheriff's Office would document that "he," meaning Pedro Caceres, "had to be told numerous times that the individual was not the suspect"?
A: No.
Q: Do you know anybody in the Collier County Sheriff's Office– why they would document: "His willingness to arbitrarily grab citizens without restraint is cause for conern"?
A: No
Q: Do you take issue with that statement?
A: I do take issues with it, because I don't remember being told numerous times. I this that is an exaggeration. I was told once that that wasn't the person, and that's all I remember. That's the best of my recollection.

PARVEY & FRANKEL ATTORNEYS, P. A. • P. O. Drawer 9327 • Fort Myers, Florida 33902-9327
www.parveyfrankel.com • E-mail: help@parveyfrankel.com

>Q: after this September 2006 incident, did you have an ability to appeal what the disciplinary board said about you pertaining to this incident?
>A: Yes.
>Q; Did you appeal it?
>A: I don't even think I read it.
>Q: Do you think that'd be something you should read?
>Ms. Barranco: Object to the form. Go ahead
>A: I– I don't know

Florida Courts have repeatedly held that a witness' credibility may be attacked by prior acts involving "dishonesty or false statement" State v. Hamilton, 447 So. 2d 1008 (5th DCA 1984).

When analyzing whether past admission of deceitfulness is relevant to credibility this Court may be guided by State v. Page, 449 So. 2d 813 (Fla 1984).

>"We realize that our interpretation of the statute differs from the federal construction of identical language contained in federal rule 609. We are also aware that the position we take has been labeled the "minority view." See C. Ehrhardt Florida Evidence, statute 610.1 at 88 (Supp. 1982). But we are convinced that our interpretation is the more logical one, and we are not alone. The Illinois Supreme Court, in constructing federal rule 609, which it had expressly adopted, stated:
>>There is little doubt but that theft reflects adversely on one's honesty and therefore relates to one's ability to be truthful under oath...
>>...   [A]ny misdemeanor, which has as its basis lying, cheating, deceiving, or stealing, bears a reasonable relation to testimonial deceit and should be admissible for impeachment purposes.
>>People v. spates, 77 Ill.2d 193, 204, 32 Ill.Dec . 333, 395 N.E.2d 563, 569 (1979).
>As the state has pointed out, subsection 90.610(1) refers to crimes involving "dishonesty *816 or false statement." To restrict the rules application only to those offenses which evidence an element of affirmative misstatement or misrepresentation of fact would be to ignore the plain mean of the word "dishonesty." In Spate the Supreme Court of Illinois pointed out that Webster's Third New International Dictionary 650(1971) defines "dishonesty" as a "breach of honesty or trust, as lying, deceiving, cheating, stealing, or defrauding..." Id. At 203, 32 Ill.Dec. At 338, 395 N.E.2d at 568(emphasis supplied)."

For additional authority See U.S. v. Cole, 617 F.2d 151, 153-54(5th Cir. 1980)(It was not an

PARVEY & FRANKEL ATTORNEYS, P. A. • P. O. Drawer 9327 • Fort Myers, Florida 33902-9327
www.parveyfrankel.com • E-mail: help@parveyfrankel.com

abuse of discretion to allow prosecutor to cross-examine defendant concerning his submission of former employer of false excuse from being absent from work); U.S. v. Blitstein, 626 F.2d 774 (10th Cir. 1980)(Witness's 45-day suspension from The Florida Bar was apparently admitted under Rule 608(b)).

Pursuant to Rule 3.01 Plaintiff requests an oral argument on Defendants Motion in Limine and estimates 30 minutes will be needed for the oral arguments.

I HEREBY CERTIFY that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following to: SUMMER M. BARRANCO, ESQ. Purdy, Jolly & Giuffreda, P.A., summer@purdylaw.com, melissa@purdylaw.com, richard@purdylaw.com, this 24th day of March, 2016.

I further certify that I mailed the following document and notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

PARVEY & FRANKEL ATTORNEYS, P.A.
Attorneys for Plaintiff
2069 First Street, Suite 100
Fort Myers ,FL 33901-9327
Telephone:(239) 334-0300
Facsimile:(239) 334-0992

_____
BY: Carlos J. Cavenago, III
FLORIDA BAR No.: 753955
Primary E-mail: Service@parveyfrankel.com
Secondary E-mail: Carlos@parveyfrankel.com