UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE,

      Plaintiff,

v.                                                                      Case No: 2:14-cv-354-SPC-

JERRY SWANK, individually, and
PETE CACERES, individually.

      Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on the following two motions: (1) Plaintiff David Ogilvie's Amended Motion in Limine (Doc. #39), filed on March 23, 2016, and (2) Defendants Caceres and Swank's Motion in Limine (Doc. #41), also filed on March 23, 2016, to which Ogilvie has filed a Response in Opposition (Doc. #43). The Court heart argument on the motions at the Final Pretrial Conference on April 15, 2016.

### 1. *Ogilvie's Motion in Limine*

Ogilvie's Motion in Limine seeks an order from the Court excluding two things from the record. First, he seeks to exclude any mention, reference, examination, insinuation, or introduction into evidence of Ogilvie's June 28, 2011

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

arrest for driving under the influence. (Doc. #39 at ¶ 1). He also seeks to exclude Ogilvie's field sobriety video from the arrest. (Doc. #39 at ¶ 1). Second, he seeks to exclude any "pure opinion" testimony from Dr. Paul Hobaica, specifically page 56, line 12 through page 58, line 6 of his deposition. (Doc. #39 at ¶ 2).

A. *Evidence of Ogilvie's June 28, 2011 Arrest*

In support of excluding evidence of Ogilvie's June 28, 2011 arrest, he argues the charges were misdemeanor charges, the nature and sentence for which is proscribed from being used as a basis for an attack under Federal Rule of Evidence 609(a)(1) (Doc. #39 at ¶1). Ogilvie also cites Rule 403, suggesting the probative value of any evidence of the field sobriety video, arrest, or encounter would be substantially outweighed by the danger of unfair prejudice and confusion of the issues.[2]

In their Response, Defendants concede that evidence of the prior arrest cannot be used to prove general bad character of Ogilvie. (Doc. #44 at 1). Instead, Defendants note that Ogilvie may "open the door" to the admissibility of such evidence for other purposes set out in Rule 404(b), such as proof of motive, opportunity, intent, etc. (Doc. #44 at 1). As such, Defendants request that the Court make any ruling on the matter without prejudice. (Doc. #44 at 1–2).

Rule 609 sets out criteria for attacking a witness's character for truthfulness by evidence of criminal conviction. FED. R. EVID. 609. Part (1) sets requirements

---

[2] Ogilvie's argument reads, "Such evidence substantially out weighs [sic] the danger of the unfair prejudice and confusing the issues as contemplated by Fed. R. Evidence. 403." (Doc. #39 at 1). It is clear Ogilvie meant to argue that such evidence *is outweighed* by the danger of unfair prejudice and confusion of the issues in accordance with Rule 403.

2

for prior felony convictions, and Part (2) sets requirements for any prior criminal conviction involving a dishonest act or false statement. *Id.*

Ogilvie is correct that Defendants may not use 609(a)(1) to introduce evidence of the prior arrest as the crime, a first offense for driving under the influence, is not punished as a felony. FLA. STAT. § 316.193(2). Similarly, evidence of the arrest cannot be introduced under 609(a)(2), as establishing the elements of a driving under the influence offense does not require proving a dishonest act or false statement. Id. at § 316.193(1). As such, evidence of Ogilvie's prior arrest cannot be introduced into evidence under Rule 609.

Defendants' remaining argument is that evidence of the arrest can be introduced under Rule 404, should Ogilvie "open the door" during trial. (Doc. #44 at 1). Rule 404(b) states that evidence of a crime, wrongs, or other act is inadmissible to prove the character of a person in order to show he acted in accordance with that character, but such evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. FED. R. EVID. 404(b).

This Circuit uses a three-part test to determine the admissibility of such evidence under Rule 404(b).

> First, the evidence must be relevant to an issue other than the [person's] character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the [person] committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (quoting *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992)).

3

This evidence, even if permitted under Rule 404(b), is still subject to Rule 403, which permits the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  F̲E̲D̲. R̲. E̲V̲I̲D̲. 403

Here, the Court finds the danger of unfair prejudice to Ogilvie is substantially outweighed by any probative value of evidence of the arrest.  Accordingly, the Motion in Limine with regard to evidence of Ogilvie's prior arrest on June 28, 2011 is granted without prejudice.  Should Ogilvie "open the door" during trial as suggested by Defendants, the Court will reconsider this objection to the extent necessary.

B.  *Evidence of Dr. Hobaica's Deposition Testimony*

Ogilvie next seeks to exclude what he believes to be "pure opinion" testimony in Dr. Hobaica's deposition Page 56, Line 12 to Page 58, Line 6.  (Doc. #39 at 2).  Ogilvie provides no further argument or case law as to why the evidence should be excluded.

In response, Defendants argue that the testimony they seek to elicit from Dr. Hobaica will be opinion testimony by a lay witness Under Rule 701, or testimony by an expert witness Under Rule 702.  (Doc. #44 at 2).

As a physician who responded to Ogilvie's residence on the day of the incident and who evaluated Ogilvie, Dr. Hobaicia's testimony has strong probative

value as to Ogilvie's alleged injuries. (Doc. #44 at 1). Defendants will be permitted to question Dr. Hobaica regarding what he saw and heard during that time, including his personal opinion on the injuries Ogilvie presented upon encountering him. Because the portion of the deposition testimony Ogilvie seeks to exclude contains Dr. Hobaicia's testimony as to his opinion regarding Ogilvie's injuries, the Court declines to exclude the entire portion of the deposition testimony.

Dr. Hobaicia, however, will not be permitted to testify as to his personal opinions on the merits of the suit. Defendants state they do not anticipate eliciting any testimony from Dr. Hobaica regarding his personal opinion on the legitimacy of the lawsuit. (Doc. #44 at 2). Accordingly, Ogilvie's Motion in Limine (Doc. #39) is granted in part and denied in part with regard to Dr. Hobaica's testimony.

**2. Defendants Caceres and Swank's Motion in Limine (Doc. #41)**

Defendants seek to exclude two things from evidence. First, they seek to exclude any evidence involving either of the Defendants and other citizens, including past incidents involving Dep. Caceres for which he was disciplined. (Doc. #41 at 2–3). Second, they seek to exclude the outcome of Ogilvie's criminal case, for which a notice of nolle prosequi was entered. (Doc. #41 at 3–4).

A. *Evidence of Past Incidents Involving Defendants Caceres and Swank*

In addition to excluding any evidence of Dep. Caceres' and Dep. Swank's contact with other citizens, Defendants specifically seek to exclude the documents in Doc. #41-1, detailing incidents from 2005 and 2006 involving Dep. Caceres for which he was disciplined and ultimately received a final warning and placed on one year of probation. (Doc. #41 at 2). Defendants argue those incidents are too

5

remote in time, too factually dissimilar to the current claims, irrelevant under Rule 402, and unfairly prejudicial under Rule 403. (Doc. #41 at 2–3). In response, Ogilvie argues that portions of Dep. Caceres' deposition testimony are relevant to Dep. Caceres' credibility as a witness as they involve past admissions of deceitfulness. (Doc. #43 at 4).

To determine whether evidence is relevant, courts must ask (1) whether it has any tendency to make a fact more or less probable than it would be without the evidence, and (2) whether the fact is of consequence in determining the action. FED. R. EVID. 401. Relevant evidence may nonetheless be excluded as unfairly prejudicial under Rule 403. FED. R. EVID. 403.

In this case, the Court finds the probative value of Dep. Caceres' deposition testimony regarding the 2005 and 2006 incidents is outweighed by their undue prejudicial nature. That evidence, if admitted, would have an undue tendency to lead a jury to make its decision on the improper basis of how Dep. Caceres has conducted himself in the past, as opposed to how he and Dep. Swank acted in the present matter. Further, the past incidents are not similar to the circumstances in this case. Additionally, the incidents from 2005 and 2006 being ten and eleven years old, respectively, are remote in time. Accordingly, evidence of the Defendants' past encounters with other citizens is to be excluded from evidence.

B. *Evidence of the Notice of Nolle Prosequi in Ogilvie's Criminal Case*

Defendants argue that evidence a notice of nolle prosequi was entered for Ogilvie's charges is irrelevant to determining the validity of his arrest. (Doc. #43 at 3–4). Ogilvie did not respond to this argument in his Response. (Doc. #43).

6

In deciding a verdict in this case, the jury will have to determine the validity of Olgivie's arrest. Courts have long held that the validity of an arrest does not depend upon whether the chargers are subsequently acquitted or dropped. See *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1990); *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990); *Rodi v. Rambosk*, No. 2:13-cv-556-FtM-29CM, 2015 WL 1910499, at *1 (M.D. Fla. Apr. 27, 2015); *Blanck v. City of Altamonte Springs*, No. 6:11-cv-293-Orl-28KRS, 2011 WL 3516071, at *2 (M.D. Fla. Aug. 11, 2011). As such, the subsequent dismissal of Ogilvie's charges is not relevant to the determination of whether the arrest was valid or invalid as he alleges in the Complaint (Doc. #7). Defendants' Motion in Limine is due to be granted.

Accordingly, it is now

**ORDERED:**

1. Plaintiff David Ogilvie's Amended Motion in Limine (Doc. #39) is **GRANTED** to the extent outlined below.

    - Evidence of Ogilvie's June 28, 2011 DUI arrest and accompanying video may not be admitted into evidence unless Ogilvie opens the door during testimony.

    - Dr. Hobaicia, will not be permitted to testify as to his personal opinions on the merits of the lawsuit.

2. Defendants Caceres' and Swank's Motion in Limine (Doc. #41) is **GRANTED**.

    - Evidence of past incidents involving Deputy Caceres are not admissible.

- The fact the Plaintiff's underlying criminal charges were *nolle prossed* is not admissible.

**DONE and ORDERED** in Fort Myers, Florida, this 15th day of April, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record