UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID OGILVIE,

      Plaintiff,

v.                                 Case No:  2:14-cv-354-FtM-38CM

JERRY SWANK, individually and
PETE CACERES, individually,

      Defendants.
_____/

**ORDER[1]**

    This matter comes before the Court on Defendants Jerry Swank and Pete Caceres' Motion to Tax Costs (Doc. #70) filed on June 3, 2016.  In support of their motion, Defendants submit an affidavit of defense counsel (Doc. #70-1); a Bill of Costs (Doc. #70-2), and invoices (Doc. #70-3).  Plaintiff David Ogilvie has not filed a response, and the time to do so has expired.  Thus, this matter is ripe for review.

    On June 26, 2014, Plaintiff initiated this civil rights suit against Defendants.  (Doc. #1).  Almost two years later, a jury returned a verdict in favor of Defendants.  (Doc. #69).  Defendants now seek taxation of costs for $7,882.90 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their website. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Prevailing parties are entitled to receive costs other than attorneys' fees under Rule 54(d)(1).  *See Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906 (M.D. Fla. 1989).  Taxable costs are limited to those items set forth in 28 U.S.C. § 1920.  These statutorily permitted taxable costs are:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* § 1920.  And, "a court may only tax costs as authorized by statute."  *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

As the prevailing party, Defendants move for taxation of costs in the amount of $7,882.90.  Comprised in this total are (1) $400 for a court-filing fee; (2) $3,350.40 for court reporter fees associated with nine depositions; (3) $1,705.65 for witness fees; (4) $775.00 for mediation fees; and (4) $1,651.85 for photocopies.  (Doc. #70-1; Doc. #70-2).  The Court will address each category in turn.

### 1. Fees of the Clerk

Because Defendants removed this case from Florida state court (Doc. #1), they request the cost of the Clerk's $400 filing fee (Doc. #70-2 at 1).  Fees of the clerk are taxable costs under § 1920(1).  Thus, the Court will tax $400.00 for fees of the Clerk.

### 2. Deposition Fees

Next, Defendants seek to tax the costs related to nine depositions, which total $3,350.40. (Doc. #70-2 at 1). These costs consist of fees for deposition transcripts, court reporters' attendance, and a videotaped deposition. (Doc. #70-1 at 2-3). Costs for deposition transcripts are taxable if "the deposition was wholly or partially necessarily obtained for use in the case." *W&O*, 213 F.3d at 621 (citations omitted); *see also Peeler v. KVH Indus., Inc.*, No. 8:12-cv-1584, 2014 U.S. Dist. LEXIS 81540, at *10-*11 (M.D. Fla. June 16, 2014) ("Fees to the Court Reporter for transcripts necessarily obtained for use in the case are indeed taxable costs under § 1920. This includes deposition costs."). Courts have generally held that depositions of individuals named on the witness list at trial are recoverable as costs necessary for the case. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207 (11th Cir. 2002). Also, a court reporter's attendance fee at depositions are taxable. *See Hernandez v. Wilsonart Intern.*, No. 2:09-cv-747-FtM-36SPC, 2011 WL 7092657, at *4 (M.D. Fla. Dec. 30, 2011), *report and recommendation adopted at* 2012 WL 220265.

Here, the requested deposition fees are reasonable – with one exception. The shipping costs related to the nine depositions are not taxable. (Doc. #70-3 at 2-9); *see also Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (stating "§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor"); *Awwad v. Largo Med. Ctr., Inc.*, No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013). Accordingly, the Court will deduct the costs for postage, delivery, and handling fees associated with the deposition transcripts, which

totals $89.60.  (Doc. #70-3 at 2-9).  This calculation entitles Defendants to $3,260.80 for deposition fees.

### 3.  Witness Fees

Defendants also seek $205.65 in witness fees for five fact witnesses who testified at trial.  (Doc. #70-1 at 2-3; Doc. #70-2 at 2).  Section 1920(3) provides that a judge may tax as costs "[f]ees and disbursements for printing and witnesses."  28 U.S.C. § 1920(3). In conjunction with that statute, 28 U.S.C. § 1821(b) provides that a witness shall be paid $40.00 per day for each day's attendance.  Here, Defendants seek $41.12 per witness, but the Court finds that only $40.00 per witness is reimbursable.  *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298 (2006).  Therefore, the Court awards Defendants $200.00 for these costs.

In addition to the fact witnesses, Defendants seek to recover the deposition fee of its expert witness, Dr. Paul Joseph Hobaica, which is $1,500.00.  (Doc. #70-1 at 3). However, the Supreme Court has held that, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987); *see also Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (finding "that the district court erred in taxing as costs any amount for expert fees in excess of the $40 per day allowed under § 1821").  The Court, therefore, will only tax $40.00 for Dr. Hobaica's deposition fee.

### 4.  Mediation Fees

Defendants seek to recover $775 in fees relating to mediation.  (Doc. #70-3 at 10-11).  Mediation fees and expenses are not included in § 1920 as taxable costs.  However,

such fees have been awarded to the prevailing party when the parties have agreed before trial to tax the cost.  *See PNC Bank Nat. Ass'n v. Orchid Group Investments, LLC*, No. 2:13-cv-12-FtM-38CM, 2014 WL 4954779, at *2 (M.D. Fla. Oct. 12, 2014).  The Case Management and Scheduling Order in this case provides that "[u]pon motion of the prevailing party, the party's share maybe taxed as costs in this action." (Doc. #23 at 9). Because Defendants seek their one-half share of the total mediation fees and expenses (Doc. #70-3 at 10-11), the Court will tax the $775.00 in mediation fees.

### 5. Photocopying fees

Defendants seek to recover $1,651.85 for photocopying costs.  (Doc. #70-1 at 3). These costs fall within "[the] exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" under 28 U.S.C. § 1920(4).  Because photocopies fall squarely within § 1920, and Plaintiff does not oppose their necessity or reasonableness, the Court grants Defendants these costs.

Accordingly, it is now **ORDERED:**

(1) Defendants Swank and Caceres' Motion to Tax Costs (Doc. #70) is **GRANTED** to the extent that Defendants are taxed costs and expenses totaling **$6,326.80.**

(2) Defendants are **DIRECTED** to file an amended bill of costs, consistent with this order on or before July 15, 2016, which will be immediately taxed by the Clerk of Court.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record